JACK W. BARTINDALE, PLAINTIFF, v. AETNA INSURANCE COMPANY ET AL., DEFENDANTS.

Argued October 2, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *George W. C. McCarter.*

For the defendants, *Arthur T. Vanderbilt.*

PER CURIAM.

This is a case of a fire loss. The jury awarded a verdict for the plaintiff, who claims the amount awarded is inadequate, and the rule to show cause is based on that ground. The policies covered a country house near South Plainfield, and its contents. The jury found that plaintiff was entitled to $10,000 on the house and $5,000 on the contents; it is claimed that both awards were inadequate.

Before proceeding to the matter of value, we wish to clear away a minor point on which some of the argument for defendant is based. There were two fires, about a week apart— the first did some damage but was not serious; the second resulted in a total loss of the house and contents. In support of the verdict, especially as to the contents, it is urged that as no claim was made on account of the first fire, the property must be valued according to its damaged condition in taking account of the second. This, however, we deem untenable because our reading of the proof of loss indicates that it is fairly based on both fires.

We consider the award for personal property inadequate. The only substantial evidence of its value was that of a professional appraiser who had appraised it for insurance in the first instance and had set a total value of over $12,000 on it. As against this he allowed on the trial for depreciation and minor changes in identity of the property but his total was $11,400.75, as the fair value of the furniture, &c., in the market, and without any sentimental considerations. Much of it would be classed as antique—but it is common knowledge that antiques as such have a definite value in the market. The testimony of this witness was in no way substantially controverted.

Next, as to the house: it was a very old house, in a rather isolated country situation, and the evidence about its value was contradictory. On this branch of the case we incline to think that the jury laid undue stress on the unavailability of the house for sale in the general market, the inordinate expenditure of the plaintiff's money upon it, &c. Accepting for present purposes, without specifically holding as a general rule, that the phrase "actual cash value" means ordinarily market value, or the price that would be agreed upon between a willing buyer and a willing seller, it should be remembered, in a case of this kind, that as was said in *Turnley* v. *Elizabeth*, 76 *N. J. L.* 42 (at *p.* 44), referring to a statute making true value, the price the property "would sell for at a fair and *bona fide* sale by a private contract," the criterion established by the statute is a hypothetical sale, and the buyers referred to are hypothetical purchasers—otherwise an owner might build a house so costly as to escape all taxation; and by the same token an insurance company might escape all liability. Such a result would be manifestly unreasonable and could never have been intended by the language of the policies.

The rule will be made absolute.